**Exhibit A**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into as of the 4ni day of February 2013, by and between Salba Corp., N.A., a corporation organized and existing under the laws of Canada ("Salba N.A."), Salba Smart Natural Products, a limited liability company organized and existing under the law of the State of Colorado ("SSNP"), and William A. Ralston and Richard L. Ralston, both residents of the State of Colorado (the "Ralstons") (collectively "Plaintiffs"), on the one hand, and X Factor Holdings, LLC, a limited liability company organized and existing under the law of the State of Florida ("X Factor"), Ancient Naturals, LLC, a limited liability company organized and existing under the law of the State of Florida ("Ancient Naturals") (together "Defendants"), and Mitchell A. Propster, a resident of the State of Florida ("Propster"), Core Naturals, LLC, a limited liability company organized and existing under the law of the State of Florida ("Core"), and Natural Guidance, LLC, a limited liability company organized and existing under the law of the State of Florida ("Natural Guidance") (together "Propster Entities"). Plaintiffs, Defendants and the Propster Entities are referred to collectively herein as the "Parties."

WHEREAS, Plaintiffs are in the business of licensing, distributing and selling "SALBA" branded seed and food products and have rights in numerous SALBA and SALBA-formative marks, including but not limited to, "SALBA," "SALBA LIFE," "SALBA OLÉ," "SALBA SMART," "SALBA SLIM," and "SALBA SPORT." In connection with Plaintiffs' business, SSNP owns and operates a website hosted at the salbasmart.com domain.

WHEREAS, Defendants and/or the Propster Entities advertise, sell, and offer for sale SALBA branded seed and food products using numerous SALBA and SALBA-formative marks, including but not limited to, "SALBA," "SALBA RX," "SALBA LIFE," and "SALBA VIDA." In connection with Defendants' and/or the Propster Entities' business(es), X Factor is the registrant of the salba.com, salbausa.com, salbastore.com, salbarx.com, and salbamiracle.com domains ("the SALBA Domains"), and the Defendants and/or the Propster Entities operate websites hosted at the salbausa.com and salbastore.com domains.

WHEREAS, disputes exist between and among the Parties as to the validity of a June 2009 License Agreement purportedly issued by Salba, N.A. to Core, and later transferred to Ancient Naturals. Those disputes include the validity of the License Agreement, its assignment, and whether its execution was a legally authorized and valid act of Salba, N.A.

WHEREAS, disputes exist between and among the Parties as to the rights of Defendants and the Propster Entities to use SALBA, SALBA-formative marks, and derivatives thereof.

WHEREAS, disputes exist between and among the Parties as to the propriety of Defendants and the Propster Entities' use of the SALBA Domains, specifically whether they are authorized and confusingly similar to the distinctive "SALBA" portion of Plaintiffs' registered SALBA marks, and because they incorporate some of Plaintiffs' SALBA marks in their entirety.

WHEREAS, disputes exist between and among the Parties as to whether Plaintiffs and/or their agents conspired to infringe, misappropriate, misrepresent and convert Defendants' intellectual property and to interfere with Defendants' actual and potential contractual relations.

1

WHEREAS, on or about May 14, 2012, Plaintiffs filed against X Factor a Written Notice of Complaint and Commencement of Administrative Proceeding for decision in accordance with the Uniform Domain Name Dispute Resolution Policy, adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") and the Rules for Uniform Domain Name Dispute Resolution Policy and the National Arbitration Forum Supplemental Rules, File No. FA1205001443427 ("UDRP Proceeding"), and the parties filed a series of pleadings therein. The UDRP Proceeding was dismissed without prejudice because of the 2012 Lawsuit discussed below.

WHEREAS, on May 18, 2012, Plaintiffs filed a Complaint, Civil Action No. 12cv01306-REB-KLM in United States District Court for the District of Colorado against Defendants (the "2012 Lawsuit"), for among other things, Trademark Counterfeiting and Infringement under 15 U.S.C. §§ 1114(1)(a), 1116, and 1117, Federal Unfair Competition and False Advertising under 15 U.S.C. §§ 1125(a)(1)(A) and (B), Deceptive Trade Practices under the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*, Cyber-Squatting under 15 U.S.C. § 1125(d), Common Law Trademark Infringement and Unfair Competition (the "2012 Lawsuit Claims").

WHEREAS, in the 2012 Lawsuit, Defendants have asserted defenses, affirmative defenses and counterclaims against Plaintiffs for, among other things, Breach of Contract, Intentional Interference With Contract, Intentional Interference With Prospective Economic Advantage, Conspiracy, and Improper Licensing of Trademarks (the "2012 Lawsuit Counterclaims").

WHEREAS, the Parties expressly disclaim any liability and wrongdoing of any kind; and

WHEREAS, the Parties wish to avoid the expense, inconvenience, and disruption of litigation and have reached an agreement to globally resolve all of their disputes, the terms and conditions of which are memorialized in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and conditions set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Payments.**

    A. Payment. Plaintiffs will cause $135,000.00 (one hundred thirty-five thousand dollars) (the "Payment") to be deposited into the trust account of counsel for Defendants, Thomas P. Howard, LLC, within ten (10) calendar days of the occurrence of the last of the following events:

    (i) the Parties' execution of this Agreement;

    (ii) the execution and filing by Plaintiffs and Defendants of the Stipulated Motion to Stay Litigation pursuant to Paragraph 2 hereof in the form attached hereto as **EXHIBIT A**;

    (iii) Defendants' and Propster Entities' execution and delivery in escrow to counsel for Defendants, Thomas P. Howard, LLC, within fourteen (14) days of the Parties execution of this Agreement of:

2

(1) the General Assignment of trademark interest or ownership and copyright license in the form attached hereto as **EXHIBIT B**,

(2) each of the Defendants and Propster Entities Affidavits of Use pursuant to Paragraph 4 hereof,

(3) each of the Defendants and Propster Entities Affidavits of Delivery or Destruction in the form attached hereto as **EXHIBIT C** and pursuant to Paragraph 6 hereof, and

(4) each of Defendants and Propster Entities Declaration of Permanent Cessation of Use in the form attached hereto as **EXHIBIT D**;

(iv) Defendants' and Propster Entities' delivering in escrow to counsel for Defendants, Thomas P. Howard, LLC, within thirty (30) days of the Parties execution of this Agreement of: (1) the pin number, (2) the customer number, and (3) whether and where the domain forwards or automatically directs to another domain, and (4) whether a website is hosted on the domain (the "Domain Information"); and

(v) Defendants' and Propster Entities' delivering in escrow to counsel for Defendants, Thomas P. Howard, LLC, within thirty (30) days of the Parties execution of this Agreement, an electronic back-up of all content on any website hosted at any of the SALBA Domains.

B.  <u>Recordation and Transfer</u>.  Within ten (10) calendar days of Payment being deposited, counsel for Defendants, Thomas P. Howard, LLC, will release from escrow and deliver to SSNP Trademark Counsel: (1) the General Assignment of trademark interest or ownership and copyright license in the form attached hereto as **EXHIBIT B**; (2) the Domain Information; and (3) the electronic back-up of all content on any website hosted at any of the SALBA Domains. Defendants and Propster Entities agree to execute and deliver to SSNP Trademark Counsel any specific SALBA trademark assignments necessary to effectuate recordation of foreign trademark registrations within thirty (30) days of SSNP Trademark Counsel making such request. Plaintiffs' counsel will provide confirmation to counsel for Defendants that the SALBA Domains and any and all website content associated with the SALBA Domains has been transferred to Plaintiffs by way of SSNP Trademark Counsel Assignment Completion Letter. Upon confirmation by SSNP Trademark counsel of the complete occurrence of that transfer of rights, counsel for Defendants, Thomas P. Howard, LLC, shall release a $65,000 Payment from escrow for delivery to Defendants.

C.  <u>Dismissal.</u>  Within thirty (30) days of Plaintiff's counsel providing the SSNP Trademark Counsel Assignment Completion Letter, (1) the Plaintiffs and Defendants will execute and file the Stipulated Dismissal pursuant to Paragraph 7 hereof in the form attached hereto as **EXHIBIT F**, and (2) the Parties' will execute and exchange the Settlement of Claims Regarding June 2009 License Agreement pursuant to Paragraph 8 hereof in the form attached hereto as **EXHIBIT E**. Upon the occurrence of both (2) above and the United States District Court's entry of an Order approving the Stipulation for Dismissal, counsel for Defendants, Thomas P. Howard, LLC, shall release the remaining Payment of $70,000 from escrow for delivery to Defendants.

2. **Stipulated Motion for Stay of 2012 Lawsuit.**

Within ten (10) days of the Parties' execution of this Agreement and **Exhibit A** hereto, Plaintiffs and Defendants will file a stipulated motion with the United States District Court for the District of Colorado in the 2012 Lawsuit (A) notifying the Court that the parties have reached this Agreement, (B) tendering the Stipulated Motion to Stay Litigation in the form attached hereto as **EXHIBIT A** and requesting a stay of all proceedings herein pending the completion of the Parties' obligations hereunder and their subsequent filing of the Stipulated Dismissal attached hereto as **EXHIBIT F**.

3. **Permanent Cessation of Use.**

Defendants, Propster and the Propster Entities agree that each of them and each of their respective employees, members, managers, partners, officers, directors, agents, representatives, attorneys, predecessors, successors, and assigns, and all persons in active concert or participation with any of them, shall immediately and permanently cease and desist from the following:

(A) any further use of the word SALBA, any SALBA-formative mark which is confusingly similar thereto, including any use of SALBA in combination with other terms, marks, symbols or trade dress;

(B) any use of the word SALBA, any SALBA-formative mark which is confusingly similar thereto as a domain name, including the currently existing SALBA Domains;

(C) any use of Internet keywords or search terms that contain the word SALBA, or any SALBA-formative mark or any derivatives thereof;

(D) performing any action or using any trademark, symbol, imagery, slogan or any false designation of origin or false advertising which is likely to cause confusion or mistake or lead the trade and/or public into believing that SALBA and the common species of chia, *Salvia hispanica L.*, are one and the same, or that Plaintiffs are the sponsor of Defendants/Propster Entities or their products, or that Plaintiffs are in some matter affiliated with Defendants/Propster Entities or that Defendants' or Propster Entities' products originate with Plaintiffs' SALBA or are connected or offered with the approval, consent, authorization or under the supervision of Plaintiffs;

(E) importing into the United States any goods bearing or incorporating the word SALBA or any SALBA-formative mark which is confusingly similar thereto;

(F) manufacturing, producing, distributing, circulating, marketing, selling, or otherwise disposing of any printed or electronic material bearing Plaintiffs' SALBA marks or a copy or colorable imitation thereof;

(G) engaging in any conduct constituting unfair competition with Plaintiffs as a result of the use of the word SALBA or any SALBA-formative marks in commerce, or violation of the Colorado Consumer Protection Act;

4

   (H) filing applications for trademark registrations with the U.S. Patent and Trademark Office or governmental entities in any foreign country, or filing applications for domain registrations in the U.S. or overseas, that incorporate the SALBA mark or derivatives thereof ; and

   (I) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated is subparagraphs (A) through (H) above.

4. <u>Submission Of Affidavits Of Use.</u>

   Within fourteen (14) days of the Parties' execution of this Agreement and **Exhibit A** hereto pursuant to Paragraph 1(A), Defendants and the Propster Entities shall separately deliver to Defendants' counsel an Affidavit Of Use submitted under oath and under the caption of the 2012 Lawsuit identifying and describing in detail:

   (A) Each and every trademark or service mark containing the word SALBA or any derivative of form thereof and/or word(s) that are confusingly similar to the word SALBA that Defendants and/or the Propster Entities have registered with or filed application to register with the U.S. Patent and Trademark Office, including all available documents and communications relating to such registration or application;

   (B) Each and every trademark or service mark containing the word SALBA or any derivative of form thereof and/or word(s) that are confusingly similar to the word SALBA that Defendants and/or the Propster Entities have registered with or filed application to register with any other office or governmental entity in any foreign country, including all available documents and communications relating to such registration or application;

   (C) Each and every trademark and domain name containing the word SALBA or any derivative of form thereof and/or word(s) that are confusingly similar to the word SALBA to which Defendants and/or the Propster Entities have claims or may have claimed right of use or ownership under United States federal law, state law, common law or the law of any foreign country; and

   (D) Each and every use of the word SALBA or any derivative or form thereof, of which that person or entity claims or may claim any copyright under United States federal law, state law, common law or the law of any foreign country.

5. <u>Assignments Of Domain Names, Trademarks And Common Law Rights; SSNP Trademark Counsel Assignment Completion Letter.</u>

   A. In accordance with Paragraph 1(A) hereinabove, Defendants and the Propster Entities shall deliver (1) the Domain Information and (2) an electronic back-up of all content on any website hosted at any of the SALBA Domains in escrow to counsel for Defendants, Thomas P. Howard, LLC. In accordance with Paragraph 1(B) hereinabove, Defendants' counsel shall release from escrow and deliver to Plaintiffs' counsel (1) the Domain Information and (2) the electronic back-up of any website hosted at any of the SALBA Domains. If requested by either the transferring or receiving Registrars, the Defendants and the Propster Entities agree to cooperate and provide assistance in transferring the SALBA Domains. Such transfer and

assignment shall occur in the manner, content and form required by trademark counsel for SSNP, Ellen Reilly of The Reilly Intellectual Property Law Firm, 1325 E. 16th Ave., Denver, CO 80218 ("SSNP Trademark Counsel"), and are subject to her reasonable approval and confirmation.

      B.     Transfer and assign to SSNP the registration for each and every trademark under the control and/or authority of Defendants or the Propster Entities containing the word SALBA or any derivative or form thereof, which the Defendants or the Propster Entities have registered with or filed application to register with the U.S. Patent and Trademark Office. Such transfer and assignment shall occur in accordance with Paragraphs 1(A) and 1(B) hereinabove and in the manner, content and form required by SSNP Trademark Counsel and are subject to her reasonable approval and confirmation.

      C.     Transfer and assign to SSNP the registration for each and every trademark under the control and/or authority of Defendants or the Propster Entities containing the word SALBA or any derivative or form thereof, which the Defendants or the Propster Entities have registered with or filed application to register with any other office or governmental entity in any foreign country. Such transfer and assignment shall occur in accordance with Paragraphs 1(A) and 1(B) hereinabove and in the manner, content and form required by SSNP Trademark Counsel and are subject to her reasonable approval and confirmation.

      D.     To the extent not destroyed pursuant to Paragraph 6 below, grant Plaintiffs a royalty-free, perpetual, and irrevocable license for Plaintiffs to use, reproduce, modify, adapt, publish, translate, create derivative works from, distribute, perform, and display each and every document, design, illustration, label, photograph, representation or other form of use of the word SALBA or any derivative or form thereof, including all website content hosted at the SALBA Domains, to which Defendants or the Propster Entities claim or may claim any copyright under United States federal law, state law, common law or the law of any foreign country. Such license shall occur in accordance with Paragraph 1(A) and the General Assignment of trademark interest or ownership and copyright license in the form attached hereto as **EXHIBIT B**, and in the manner, content and form required by SSNP Trademark Counsel and subject to her approval and confirmation.

      E.     Transfer and assign to SSNP any other common law SALBA trademarks or derivatives thereof that may be identified in any of the Affidavits Of Use submitted pursuant to Paragraph 4 hereof. Such transfer and assignment shall occur in the manner, content and form required by SSNP Trademark Counsel and are subject to her reasonable approval and confirmation.

      F.     Upon the receipt of confirmation of completion of all such transfers and assignments set forth above from the appropriate bodies and governmental agencies, SSNP Trademark Counsel shall issue to counsel for the Plaintiffs and Defendants a letter stating such assignments have been made ("SSNP Trademark Counsel Assignment Completion Letter").

6. **Submission Of Affidavits Of Delivery Or Destruction; Submission of Defendant's Sworn Compliance Report.**

Within forty-five (45) days of the Parties' execution of this Agreement and **Exhibit A** hereto, Defendants and the Propster Entities shall each separately deliver to Defendants' counsel an Affidavit ("Affidavits of Delivery or Destruction") in the form attached hereto as **Exhibit C** and submitted under oath and under the caption of the 2012 Lawsuit confirming:

A. That entity or person has delivered to Plaintiffs or destroyed and/or obliterated all products, packaging, materials, bid proposals, labels, signs, brochures, advertisements, stationary, leaflets, and other items reasonably known to be in their possession, or under their control, upon which appear or reflect any SALBA mark, any derivative thereof, and/or any confusingly similar variations thereof (including but not limited to "SALBA RX" and "SALBA LIFE") or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' SALBA marks, and all plates, films, molds, matrices and other means of making the same.

7. **Stipulated Dismissal.**

Within ten (10) days of Plaintiffs' counsel providing the SSNP Trademark Counsel Assignment Completion Letter set forth in Paragraph 1(B) above, Plaintiffs and Defendants will file a stipulated dismissal with the United States District Court for the District of Colorado in the 2012 Lawsuit tendering the Stipulated Dismissal in the form attached hereto as **EXHIBIT F**.

8. **Execution Of Settlement Of Claims Regarding June 2009 License Agreement.**

The Parties' agree that their rights and positions with respect to the 2009 License Agreement shall remain unchanged throughout the duration of the period of performance of this Agreement. Subsequent to the Parties and Propster's performance of all terms set forth herein, and concurrent with the execution of the Stipulated Dismissal to be filed pursuant hereto, the Parties and Propster will execute the Settlement of Claims Regarding June 2009 License Agreement in the form attached hereto as **EXHIBIT E**.

9. **Successors and Assigns, Etc.**

This Agreement shall be binding upon, and shall inure to the benefit of, the Parties' respective successors, affiliates, licensees, and assigns.

10. **Representations and Warranties.**

Each of the Plaintiffs, the Defendants and Propster respectively represents and warrants to the other Parties that:

A. Each is an individual person or a limited liability company in good standing with the legal capacity to enter into this Agreement and to bind himself or itself to the performance of his or its obligations hereunder;

B. Each has had the opportunity to seek legal advice from counsel of its or his choosing in connection with the various claims and rights at issue and the 2012 Lawsuit and its resolution, and has freely and voluntarily entered into this Agreement and undertaken its or his obligations hereunder without coercion or compulsion from any other Party or their counsel, and on the basis of such legal advice, or no legal advice, as it or he has deemed appropriate; and

C. This Agreement is a binding obligation that is enforceable against each of the Plaintiffs, the Defendants and the Propster Entities according to its terms.

The Defendants and the Propster Entities represent and warrant to the Plaintiffs that no SALBA intellectual property right subject to transfer or license per the terms of this Agreement has been or will be assigned or otherwise transferred to any third party.

**11.   Notices.**

Any deliveries or notices required or permitted to be given under this Agreement shall be given in writing by overnight courier or hand delivery as follows:

**If to Plaintiffs or any of them:**

Mr. William A. Ralston
5800 Franklin Street, Suite 106
P.O. Box 16106
Denver, CO 80216

With a copy to:

Stephen D. Gurr, Esq.
Bryan Cave HRO
1700 Lincoln Street, Suite 4100
Denver, CO 80203

and

Ellen Reilly, Esq.
The Reilly Intellectual Property Firm
1325 East 16th Avenue
Denver, CO 80218

**If to the Defendants or Propster or any of them:**

Mitchell Propster
Ancient Naturals, LLC
1540 International Pkwy., Suite 2000
Lake Mary, FL 32746

8

**With a copy to:**

Thomas P. Howard
842 W. South Boulder Rd.
Louisville, CO 80027 #200

Notices shall be effective upon confirmation of the receiving party's receipt of the notice by overnight courier or hand delivery. The parties may change their addresses for purposes of notice by giving notice of the change in the manner set forth in this paragraph.

12. **Releases.**

    A. Effective upon the Court's approval of that Stipulated Dismissal to be filed pursuant hereto in the form attached hereto as **EXHIBIT F** or dismissal, the Plaintiffs, and each of them, for themselves and any and all of their respective, former, present, and future members, shareholders, predecessors, successors in interest, assigns, parent and subsidiary companies, and affiliated companies, as well as any of their managers, officers, directors, agents, servants, and employees, and for anyone claiming by or through any of them, fully release and forever discharge and covenant not to sue the Defendants or the Propster Entities, and each of them, and their respective former, current, and future members, shareholders, managers, officers, directors, agents, servants, employees, representatives, attorneys, insurers, heirs, predecessors, successors, assigns, parent and subsidiary companies, and affiliated companies, from and against any and all rights, claims, demands, damages, actions, liabilities and causes of action of any nature whatsoever, known or unknown, contingent or fixed, that they may have had, may now have, or may later have, including but not limited to any and all claims and liabilities that were asserted or could have been asserted in or arise out of or relate in any manner to the matters described in the 2012 Lawsuit, the 2012 Lawsuit Claims, the 2012 Lawsuit Counterclaims, the UDRP Proceeding the 2005, 2008,or 2009 license agreements, or this Agreement including the recitals set forth above; provided, however, that nothing contained in this release shall constitute any release of any claim that the Plaintiffs have or may have against the Defendants for breach of this Agreement or breach of any Exhibit hereto.

    B. Effective upon the Court's approval of that Stipulated Dismissal to be filed pursuant hereto in the form attached hereto as **EXHIBIT F** or dismissal, the Defendants, and each of them, for themselves and any and all of their respective, former, present, and future members, shareholders, predecessors, successors in interest, assigns, parent and subsidiary companies, and affiliated companies, as well as any of their managers, officers, directors, agents, servants, and employees, and for anyone claiming by or through any of them, fully release and forever discharge and covenant not to sue the Plaintiffs or the Propster Entities, and each of them, and their respective former, current, and future members, shareholders, managers, officers, directors, agents, servants, employees, representatives, attorneys, insurers, heirs, predecessors, successors, assigns, parent and subsidiary companies, and affiliated companies, from and against any and all rights, claims, demands, damages, actions, liabilities and causes of action of any nature whatsoever, known or unknown, contingent or fixed, that they may have had, may now have, or may later have, including but not limited to any and all claims and liabilities that were

asserted or could have been asserted in or arise out of or relate in any manner to the matters described in the 2012 Lawsuit, the 2012 Lawsuit Claims, the 2012 Lawsuit Counterclaims, the UDRP Proceeding, the 2005, 2008,or 2009 license agreements, or this Agreement including recitals set forth above; provided, however, that nothing contained in this release shall constitute any release of any claim that the Defendants have or may have against the Plaintiffs for breach of this Agreement or any Exhibit hereto.

C.     Effective upon the parties execution of this Agreement, the Propster Entities, and each of them, for themselves and any and all of their respective, former, present, and future members, shareholders, predecessors, successors in interest, assigns, parent and subsidiary companies, and affiliated companies, as well as any of their managers, officers, directors, agents, servants, and employees, and for anyone claiming by or through any of them, fully release and forever discharge and covenant not to sue the Plaintiffs or the Defendants, and each of them, and their respective former, current, and future members, shareholders, managers, officers, directors, agents, servants, employees, representatives, attorneys, insurers, heirs, predecessors, successors, assigns, parent and subsidiary companies, and affiliated companies, from and against any and all rights, claims, demands, damages, actions, liabilities and causes of action of any nature whatsoever, known or unknown, contingent or fixed, that they may have had, may now have, or may later have, including but not limited to any and all claims and liabilities that were asserted or could have been asserted in or arise out of or relate in any manner to the matters described in the 2012 Lawsuit, the 2012 Lawsuit Claims, the 2012 Lawsuit Counterclaims, the UDRP Proceeding, the 2005, 2008,or 2009 license agreements, or this Agreement including recitals set forth above.

13.    **Non-Disparagement.**

Each Party agrees that neither he, it nor any of its directors, officers, affiliates, subsidiaries, employees, agents or representatives will, and he or it will cause each of its directors, officers, affiliates, subsidiaries, employees, agents or representatives not to, directly or indirectly, in any capacity or manner, make, express, transmit speak, write, verbalize or otherwise communicate in any way (or cause, further, assist, solicit, encourage, support or participate in any of the foregoing), any remark, comment, message, information, declaration, communication or other statement of any kind, whether verbal, in writing, electronically transferred or otherwise, that might reasonably be construed to be derogatory, defamatory, or critical of, or negative toward, another Party or any of its directors, officers, affiliates, subsidiaries, employees, agents or representatives, or that disparages or otherwise detrimentally comments upon another Party, any product sold or services offered by another Party, or another Party's business practices. The Parties understand and agree that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that each Party would be irreparably harmed by violation of this provision.

14.    **Miscellaneous.**

A.     The Parties agree that each will take such steps and execute such documents as may reasonably be required to effectuate the intent of this Agreement, including further actions

to transfer the SALBA Domains, assign, register, perfect or otherwise make a record of Plaintiffs ownership and license rights subject to this Agreement.

B. The headings of the paragraphs of this Agreement are for convenience only and shall not affect the Agreement's construction or interpretation.

C. The Parties acknowledge and agree that their collective or individualized breach of any of their obligations hereunder would cause irreparable injury to the other Parties and that immediate injunctive relief against such breach would be appropriate, in addition to any other legal or equitable relief to which any Party may be entitled, and that such Party will not need to post any bond to obtain such injunctive relief.

D. The Parties further agree that the prevailing party in any dispute under this Agreement shall be entitled to its, his, or their attorneys' fees and costs in addition to any other legal or equitable relief to which such Party(ies) may be entitled.

E. The Parties agree that any and all disputes relating in any manner to this Agreement or the interpretation thereof (including, but not limited to, any claim of fraud in the inducement) shall only be filed with a Colorado state or federal court. The Parties hereby consent to the personal jurisdiction of the United States District Court for the District of Colorado and any Colorado state court with regard to all such disputes.

F. Except as provided in Paragraph 14.D., the Parties agree to bear their own respective fees, costs and expenses incurred in connection with the Lawsuit and the drafting, negotiation, and execution of this Agreement.

G. The parties acknowledge and agree that this Agreement is a compromise settlement of their disputed claims, and that their entry into this Agreement is not an admission of liability on the part of any party with respect to the disputed matters set forth above.

H. The negotiation and drafting of this Agreement have been participated in by all of the parties, and for all purposes this Agreement shall be deemed to have been drafted by all of the parties.

I. If for any reason any provision of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement nevertheless shall be construed, performed, and enforced as if the invalidated or unenforceable provision had not been included in the Agreement.

J. The failure by any party to this Agreement to enforce any provision of this Agreement shall not be deemed a continuing waiver or a waiver of any other rights under this Agreement.

11

1642805.3

15. **Entire Agreement; Modification; Effective Date.**

This Agreement contains and constitutes the entire agreement among the Parties with respect to its subject matter. There are no separate or independent agreements, promises, obligations, representations, or undertakings. Any prior and contemporaneous agreements, promises, obligations, representations, and undertakings between the Parties are expressly superseded. This Agreement may be modified only by a writing signed by all Parties. The Effective Date of this Agreement is the date upon which the original of this Agreement is fully executed by all parties.

WHEREFORE, the parties have executed this Agreement as of the Effective Date by the signature below of their duly-authorized representatives.


Dated: _____, 2013                Salba Corp., N.A.


                                       By:_____
                                       Name:_____
                                       Title:_____


Dated: _____, 2013                Salba Smart Natural Products


                                       By:_____
                                       Name:_____
                                       Title:_____


Dated: _____, 2013                By:_____
                                          William A. Ralston


Dated: _____, 2013                By:_____
                                          Richard L. Ralston

Dated: MAR 4, 2013                     X Factor Holdings, LLC

                                       By: _____
                                       Name: MITCH A. PROPSTER
                                       Title: MGR

Dated: MAR 4, 2013                     Ancient Naturals, LLC

                                       By: _____
                                       Name: Mitch A. Propster
                                       Title: MGR

Dated: MAR 4, 2013                     By: _____
                                       Mitchell A. Propster

Dated: MAR 4, 2013                     Core Naturals, LLC

                                       By: _____
                                       Name: MITCH A. PROPSTER
                                       Title: FORMER MGR – COMPANY DEFUNCT

Dated: MAR 4, 2013                     Natural Guidance, LLC

                                       By: _____
                                       Name: MITCH A. PROPSTER
                                       Title: MGR

13

1642805.3

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____        _____
Signature of Document Signer No. 1                                    Signature of Document Signer No. 2 (if any)

State of California

County of Los Angeles

Subscribed and sworn to (~~or affirmed~~) before me on this

__04TH__ day of __March__, 20__13__, by
   Date              Month                Year

(1) __Mitch A. Propster__,
              Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (~~,~~)

(and _____

(2) _____,
              Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
                         Signature of Notary Public

MICHAEL OHANNESIAN
Commission # 1970810
Notary Public - California
Los Angeles County
My Comm. Expires Mar 28, 2016

Place Notary Seal Above

---------- *OPTIONAL* ----------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: __Settlement Agreement and Release__

Document Date: __Feb 09, 2013__  Number of Pages: __13__

Signer(s) Other Than Named Above: _____

**RIGHT THUMBPRINT OF SIGNER #1**
Top of thumb here

**RIGHT THUMBPRINT OF SIGNER #2**
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org  Item #5910  Reorder: Call Toll-Free 1-800-876-6827

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____          _____
Signature of Document Signer No. 1          Signature of Document Signer No. 2 (if any)

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this

04TH day of March, 2013, by

(1) Mitch A. Propster,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
Signature of Notary Public

[Notary Seal: MICHAEL OHANNESIAN, Commission # 1970810, Notary Public - California, Los Angeles County, My Comm. Expires Mar 28, 2016]

Place Notary Seal Above

—— **OPTIONAL** ——

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Settlement Agreement and Release

Document Date: Feb 09, 2013   Number of Pages: 13

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org  Item #5910  Reorder: Call Toll-Free 1-800-876-6827

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____        _____
Signature of Document Signer No. 1                                                Signature of Document Signer No. 2 (if any)

State of California

County of  Los Angeles

Subscribed and sworn to (~~or affirmed~~) before me on this

09TH day of March , 2013 , by
    Date         Month              Year

(1) Mitchell A. Propster ,
                Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (~~;~~

                                                                                                      (and

(2) _____ ,
                Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
                               Signature of Notary Public

**MICHAEL OHANNESIAN**
Commission # 1970810
Notary Public - California
Los Angeles County
My Comm. Expires Mar 28, 2016

Place Notary Seal Above

─────────────────── **OPTIONAL** ───────────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Settlement Agreement and Release

Document Date: Fx 09, 2013    Number of Pages: 13

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org Item #5910 Reorder: Call Toll-Free 1-800-876-6827

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____      _____
Signature of Document Signer No. 1                                Signature of Document Signer No. 2 (if any)

State of California

County of  Los Angeles

Subscribed and sworn to (or affirmed) before me on this

04TH day of March, 2013, by

(1) Mitch A. Propster,
   Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____,
   Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
              Signature of Notary Public

[Notary Seal: MICHAEL OHANNESIAN, Commission # 1970810, Notary Public - California, Los Angeles County, My Comm. Expires Mar 28, 2016]

Place Notary Seal Above

---- OPTIONAL ----

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Settlement Agreement and Release

Document Date: Feb 09, 2013     Number of Pages: 13

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here

RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org  Item #5910  Reorder: Call Toll-Free 1-800-876-6827

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____   _____
Signature of Document Signer No. 1                Signature of Document Signer No. 2 (if any)

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this

04TH day of March, 2013, by

(1) Mitch A. Propster,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature 
Signature of Notary Public



MICHAEL OHANNESIAN
Commission # 1970810
Notary Public - California
Los Angeles County
My Comm. Expires Mar 28, 2016

Place Notary Seal Above

———————————— **OPTIONAL** ————————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Settlement Agreement and Release

Document Date: Feb 09, 2013    Number of Pages: 13

Signer(s) Other Than Named Above: _____



RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org Item #5910 Reorder: Call Toll-Free 1-800-876-6827