IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-01306-REB-KLM

SALBA CORP., N.A., a Canadian corporation,
SALBA SMART NATURALS PRODUCTS, a Colorado limited liabilty company,
WILLIAM A. RALSTON, and
RICHARD L. RALSTON,

      Plaintiffs,

v.

X FACTOR HOLDINGS, LLC, an inactive Florida limited liability company, and
ANCIENT NATURALS, LLC, a Florida limited liability company,
MITCHELL A. PROPSTER, a resident of the State of Florida,
CORE NATURALS, LLC, a Florida limited liability company, and
NATURAL GUIDANCE, LLC, a Florida limited liability company,

      Defendants and Counter-Claimants.

---

## ORDER CONCERNING MOTION TO DISMISS

---

**Blackburn, J.**

      This matter is before me on the **Motion To Dismiss (1) All Claims Asserted by Defendants Mitchell A. Propster, Core Naturals LLC, and Natural Guidance, LLC and (2) All Defendants' Fraud and Civil Theft Claims** [#98][1] filed April 7, 2014, by plaintiffs.  The defendants filed a response [#100], and the plaintiffs filed a reply [#101]. I grant the motion in part and deny it in part.

## I.  JURISDICTION

      I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), § 1338(a) (trademark and copyright), § 1338(b) (unfair competition claim joined with

---

[1] "[#98]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

copyright or trademark claim), § 1367 (supplemental), and 15 U.S.C. § 1121 (trademark).

## II.  STANDARD OF REVIEW

The plaintiffs seek dismissal of the counterclaims of the defendants for failure to state a claim under FED. R. CIV. P. 12(b)(6).  In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003).

I review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th  Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Burnett*, 706 F.3d at 1235.  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable

likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[2]

Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may

proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***,

567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 550 U.S. at 556) (internal

quotation marks omitted).  I must assume the truth of all well-pleaded facts in the

complaint, and I must draw all reasonable inferences therefrom in the light most

favorable to the plaintiffs. ***Dias v. City & County of Denver***, 567 F.3d 1169, 1178

(10th Cir. 2009)

### III.  BACKGROUND

This case concerns disputes about the use by the defendants of trademarks

and other materials related to the Salba trademark used by the plaintiffs.  In the

past, both the plaintiffs and the defendants have used the Salba name and

---

[2] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

associated artwork in the sale of chia seeds and related products. In early March 2013, the parties reached a settlement and executed a settlement agreement [#45-9] at pp. 2 - 67 (Settlement Agreement).

Now, the plaintiffs contend that defendants, X Factor Holdings, LLC and Ancient Naturals, LLC, violated the settlement agreement by continuing to use the Salba trademarks owned by the defendants and by using packaging that is illicitly similar to packaging used by the plaintiffs to sell products under the Salba name. Defendants, X Factor Holdings, LLC and Ancient Naturals, LLC, are signatories to the Settlement Agreement.  In addition, the Settlement Agreement was signed by Mitchell Propster, an individual closely related to these two defendant entities, and two other entities tied to Mr. Propster, Core Naturals, LLC, and Natural Guidance, LLC.  Mr. Propster and defendants, Core Naturals, LLC, and Natural Guidance, LLC, were not named as defendants in the original complaint [#1], but are named as defendants in the amended complaint [#62].

In response to the amended complaint [#62], the defendants filed answers [#89 & #95] in which they assert counterclaims against the plaintiffs.  The counterclaiming defendants allege, *inter alia*, that the plaintiffs breached the Settlement Agreement by, *inter alia*, failing to record trademark transfers, failing to release all payments required by the agreement, and failing to dismiss this case.  In addition, the defendants assert counterclaims for breach of other contracts, intentional interference with contract, intentional interference with prospective economic advantage, conspiracy, breach of the duty of good faith and fair dealing, copyright infringement, abuse of process, fraud, unjust enrichment, misappropriation of business value, and civil theft.  *Answers* [#89 &

#95].

## IV.  ANALYSIS

### A.  Release Provision

The plaintiffs argue that defendants, Mitchell Propster, Core Naturals, LLC, and Natural Guidance, LLC (collectively the Propster Entities), via the Settlement Agreement released all claims against the plaintiffs.  Based on that release, the plaintiffs assert that all counterclaims asserted by the Propster Entities must be dismissed.

The Settlement Agreement contains a paragraph containing a release of claims by the Propster Entities.  *Settlement Agreement* [#45-9] at p. 11, ¶ 12.C.  That provision provides: "Effective upon the parties execution of this Agreement, the Propster Entities, and each of them . . . fully release and forever discharge and covenant not to sue the Plaintiffs . . . from and against any and all rights, claims, demands, damages, actions liabilities and causes of action of any nature whatsoever, known or unknown . . . including but not limited to any and all claims and liabilities there were asserted or could have been asserted in" this lawsuit, various license agreements, and the Settlement Agreement.  *Id.*  This is the release provision on which the plaintiffs now rely.

Absent any unsatisfied condition precedent,  performance under a contract is excused by a material breach by the other party.  ***Extreme Const. Co. v. RCG Glenwood, LLC***, 310 P.3d 246, 253-54 (Colo. App. 2012), ***cert. denied***, 2013 WL 4714399 (Colo. 2013).  The defendants allege in their counterclaims that the plaintiffs have committed a number of material breaches of the Settlement Agreement. Taking the well-pleaded allegations in the counterclaims as true, as I must, I assume for

purposes of the motion to dismiss that the plaintiffs committed a number of material breaches of the Settlement Agreement.  Under those circumstances, the performance of the defendants under the Settlement Agreement, including performance of the release provision on which the plaintiffs rely, is excused. To the extent the motion to dismiss is based on the release provision of the Settlement Agreement, the motion is denied.

B.  Economic Loss Rule

The plaintiffs contend that the counterclaims of the defendants for civil theft and fraud must be dismissed because they are barred by the Colorado economic loss rule. The Colorado Supreme Court has said that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1269 (Colo. 2000).  The court described the rule in similar terms in *Town of Alma v. Azco Construction, Inc.*, 10 P.3d 1256, 1264 (Colo. 2000).  The rule "serves to maintain a distinction between contract and tort law."  *Id*. at 1262.  The failure to perform a contract generally does not give rise to liability in tort, unless there exist duties independent of the contract.  *Id.* at 1264.   Three factors aid in determining the source of the duty at issue: (1) whether the relief sought in tort is the same as the contractual relief; (2) whether there is a recognized non-contractual duty at issue; and (3) whether the non-contractual duty differs in any way from the contractual duty.  *See BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 74 (Colo. 2004) (addressing tort claim in context of economic loss rule).

In their counterclaims, the defendants allege facts in categories labeled by the

6

defendants as (1) The 2005 Agreement; (2) The 2008 Agreement; (3) The 2009 Agreement; (4) Interference by Salba Corp., S.A., Jointly With Salba Smart; and (5) Defendants' Breach of Settlement Agreement. *Answer* [#89], pp. 19 - 30; *Answer* [#95], pp. 19 - 28. In their fraud claim, the defendants allege that during the negotiation of the Settlement Agreement, the plaintiffs represented that they could complete tasks contemplated in the Settlement Agreement by certain deadlines ultimately stated in the Settlement Agreement. Some of those deadlines were extended, and, according to the defendants, the plaintiffs represented that they could complete certain tasks by the extended deadlines in an effort to induce the defendants to agree to extend the deadlines. According to the defendants, the plaintiffs "made these representations in bad faith in order to induce Defendants to sign the Settlement Agreement and assign, license and transfer intellectual property to Plaintiffs pursuant to same." "Defendants justifiably relied on Defendants' false representations to their detriment." *Answer* [#89], p. 39, ¶¶ 15, 16; *Answer* [#95], p. 37, ¶¶ 99, 100. In their civil theft claim, the defendants incorporate all of their previous allegations and allege further that the plaintiffs knowingly obtained or exercised control over Defendants' assets without authorization or by deception, intending to permanently deprive the defendants of the use or benefit of those assets. *Answer* [#89], p. 41, ¶ 34; *Answer* [#95], p. 39, ¶ 118.

The plaintiffs contend that the fraud and civil theft claims of the defendants are inextricably intertwined with the breach of contract claims of the defendants and, thus, the fraud and civil theft claims are barred by the economic loss rule. I disagree. The defendants allege that the plaintiffs made fraudulent representations to the defendants before the Settlement Agreement was executed in an effort to induce the defendants to

enter into the Settlement Agreement. Later, according to the defendants, the plaintiffs again made fraudulent representations to the defendants in an effort to induce the defendants to agree to extend some of the deadlines in the Settlement Agreement. These representations allegedly were made to induce the defendants to enter into a new agreement, an agreement to extend certain deadlines.

In essence, the defendants allege the plaintiffs knowingly made false representations concerning their present intention to perform a future act.  Such allegations properly sound in fraud.  The fact that the alleged misrepresentations are tied closely to the breach of contract claim concerning the Settlement Agreement does not bring the fraud claim within the limits of the economic loss rule.  *Brody v. Bock*, 897 P.2d 769, 775 - 776 (Colo. 1995)(en banc).  The same analysis applies to the civil theft claim.

### C.  Fraud Pleading - Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure imposes an enhanced pleading requirement for claims of fraud.  To satisfy the requirements of Rule 9(b), a complaint alleging fraud must state the contents of the false representation, the time and place where the false representation was made, the identity of the party making the false statement, and the consequences of the statement.  *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).  The defendants argue that the allegations in the counterclaims of the defendants do not satisfy the specificity requirements of Rule 9(b). I agree.

The defendants allege that the "Plaintiffs represented to Defendants that Plaintiffs could complete all their obligations under the Settlement Agreement within 120

days . . . ."  Concerning the extension of deadlines, the defendants allege: "when the plaintiffs requested a three-month extension, they represented to Defendants that they could complete all their obligations under the Settlement Agreement within three-months . . . ." *Answer* [#89], p. 38, ¶¶ 23 - 24; *Answer* [#95], pp. 36 - 37, ¶¶  95 - 96. There are four plaintiffs named in this case, including two individuals and two corporations.  Fraud allegations which lump the four plaintiffs together as a group do not satisfy the detailed pleading requirements of Rule 9(b).  These allegations do not identify the party making the false statement.  In addition, the allegations in the counterclaims do not identify the time and place where the false representations were made.  Thus, the fraud allegations of the defendants do not satisfy the pleading requirements of Rule 9(b).  Accordingly, the motion to dismiss must be granted as to the fraud claims of the defendants.

## V.  CONCLUSION & ORDERS

The motion to dismiss is denied to the extent it is based on the release provision of the Settlement Agreement and on the economic loss rule.  On the other hand, the motion is granted as to the fraud claims of the defendants because the fraud allegations of the defendants do not satisfy the specificity requirements of Rule 9(b).

**THEREFORE, IT IS ORDERED** as follows:

1.  That after consultation with the magistrate judge, the reference [#99] of the **Motion To Dismiss (1) All Claims Asserted by Defendants Mitchell A. Propster, Core Naturals LLC, and Natural Guidance, LLC and (2) All Defendants' Fraud and Civil Theft Claims** [#98] filed April 7, 2014, to the magistrate judge is **WITHDRAWN**; and

2.  That the **Motion To Dismiss (1) All Claims Asserted by Defendants Mitchell A. Propster, Core Naturals LLC, and Natural Guidance, LLC and (2) All Defendants' Fraud and Civil Theft Claims** [#98] filed April 7, 2014, is **GRANTED** in part and **DENIED** in part:

a.  That the motion is **GRANTED** under FED. R. CIV. P. 9(b) and 12(b)(6), as to the counterclaims of the defendants asserting claims of fraud, as alleged in the **Answer and Counterclaims in Response to Amended Complaint** [#89] and the **Answer and Counterclaims in Response To Amended Complaint** [#95], which counterclaims asserting fraud are **DISMISSED**; and

b.  That otherwise, the motion is **DENIED**.

Dated September 10, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge