**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01306-REB-KLM

SALBA CORP., N.A., a Canadian corporation,
SALBA SMART NATURALS PRODUCTS, a Colorado limited liabilty company,
WILLIAM A. RALSTON, and
RICHARD L. RALSTON,

    Plaintiffs,

v.

X FACTOR HOLDINGS, LLC, an inactive Florida limited liability company, and
ANCIENT NATURALS, LLC, a Florida limited liability company,
MITCHELL A. PROPSTER, a resident of the State of Florida,
CORE NATURALS, LLC, a Florida limited liability company, and
NATURAL GUIDANCE, LLC, a Florida limited liability company,

    Defendants and Counter-Claimants.

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

**Blackburn, J.**

This matter is before me on the **Defendants' Motion and Memorandum To Enforce Settlement Agreement** [#52][1] filed December 23, 2013. The plaintiffs filed a response [#71], and the defendants filed a reply [#82]. In addition to these filings and the evidence submitted therewith, I have considered also the evidence and argument submitted by the parties in relation to the **Plaintiffs' Motion for Temporary Restraining Order / Preliminary Injunction** [#45] filed December 13, 2013. I deny the motion to enforce the settlement agreement without prejudice.

---

[1] "[#52]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  BACKGROUND

This case concerns disputes about the use by the defendants of trademarks and other materials related to the Salba trademark used by the plaintiffs.  In the past, both the plaintiffs and the defendants have used the Salba name and associated artwork in the sale of chia seeds and related products.  In the original complaint [#1], the plaintiffs asserted claims for (1) trademark counterfeiting and infringement; (2) federal unfair competition and false advertising; (3) deceptive trade practices; (4) cyber-squatting; and (5) common law trademark infringement and unfair competition.  These claims were brought against defendants X Factor Holdings, LLC and Ancient Naturals, LLC.  The parties reached a settlement and, in early March 2013, executed a Settlement Agreement and Release (Settlement Agreement) [#45-9], pp. 2 - 67.

Now, the plaintiffs contend that X Factor Holdings, LLC and Ancient Naturals, LLC have violated the settlement agreement by continuing to use the Salba trademarks owned by the defendants and by using packaging that is illicitly similar to packaging used by the plaintiffs to sell products under the Salba name.  As named defendants, X Factor Holdings, LLC and Ancient Naturals, LLC signed the settlement agreement.  In addition, the settlement agreement was signed by Mitchell Propster, an individual closely related to these two defendant entities, and two other entities tied to Mr. Propster, Core Naturals, LLC and Natural Guidance, LLC.  Mr. Propster, Core Naturals, LLC, and Natural Guidance, LLC are named as defendants in the amended complaint [#62].  The plaintiffs now contend that X Factor Holdings, LLC, Ancient Naturals, LLC, Mr. Propster, Core Naturals, LLC, and Natural Guidance, LLC have violated the settlement agreement.

## II.  ANALYSIS

In their motion [#52] to enforce the Settlement Agreement, the defendants contend, in essence, that there is no evidence that any of the defendants have breached the settlement agreement in any material fashion.  Absent a material breach by any of the defendants, the defendants contend they are entitled to an order of this court enforcing the provisions of the settlement agreement against the plaintiffs.  Among other things, the settlement agreement requires the plaintiffs to dismiss this lawsuit, assuming certain conditions have been met by the defendants.  The plaintiffs contend the defendants have breached the Settlement Agreement in a material fashion.  According to the plaintiffs, the material breaches of the defendants excuse the plaintiffs from further performance under the Settlement Agreement.

A determination of whether or not the Settlement Agreement should be enforced against the plaintiffs is dependent on whether the plaintiffs can prove that any of the defendants have breached the Settlement Agreement in a material fashion.  Evidence submitted in relation to the motion for temporary restraining order and preliminary inunction [#45] and the motion to enforce settlement agreement [#52] indicates that there is a material dispute of fact about whether the plaintiffs or any of them continue to market products, especially chia seeds, using label graphics that are similar to the label graphics used by the defendants to market chia seeds.  This factual dispute is relevant primarily to paragraph 3(D) of the Settlement Agreement, which prohibits the defendants from using any trademark, symbol, or imagery likely to cause confusion between the products of the defendants and the SALBA products of the plaintiffs.  Given this material factual dispute, I cannot, on the current record, determine if the defendants are entitled to an order enforcing the

Settlement Agreement or not. That determination must await the presentation of evidence at trial.

Because the issue raised in the motion to enforce [#52] cannot be resolved on the current record, I deny the motion without prejudice. After evidence is presented at trial addressing the conflicting claims of the parties concerning alleged breaches of the Settlement Agreement and enforcement of the Settlement Agreement, either party may seek relief which includes enforcement of the Settlement Agreement.

**THEREFORE, IT IS ORDERED** that the **Defendants' Motion and Memorandum To Enforce Settlement Agreement** [#52] filed December 23, 2013, is **DENIED** without prejudice.

Dated September 10, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge