**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01306-REB-KLM

SALBA CORP., N.A., a Canadian corporation,
SALBA SMART NATURALS PRODUCTS, a Colorado limited liabilty company,
WILLIAM A. RALSTON, and
RICHARD L. RALSTON,

    Plaintiffs,

v.

X FACTOR HOLDINGS, LLC, an inactive Florida limited liability company, and
ANCIENT NATURALS, LLC, a Florida limited liability company,
MITCHELL A. PROPSTER, a resident of the State of Florida,
CORE NATURALS, LLC, a Florida limited liability company, and
NATURAL GUIDANCE, LLC, a Florida limited liability company,

    Defendants and Counter-Claimants.

## ORDER VACATING TRIAL DATE

**Blackburn, J.**

    This matter is before the court *sua sponte*. Currently, this case is set to commence trial by jury on September 29, 2014. Recently, the plaintiffs alleged that one or more of the defendants have destroyed or otherwise made inaccessible certain evidence relevant to this case. Based on this alleged spoliation, the plaintiffs seek the imposition of sanctions, including dismissal of some of the counterclaims of the defendants. Given the calendars of the parties and the magistrate judge assigned to this case, the magistrate judge is not able to hear and resolve this discovery dispute before trial is scheduled to begin. Given these circumstances, I conclude that the trial date must be vacated and a new trail date must be set.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. *See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing *U.S. v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). On balance, these factors weigh in favor of a continuance.

**THEREFORE, IT IS ORDERED** as follows:

1. That the jury trial set to begin on September 29, 2014, is **VACATED** and **CONTINUED** without date;

2. That counsel for the plaintiffs shall arrange, initiate, and coordinate a conference call to the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** on **September 29, 2014, at 9:30 a.m.**, to reschedule (a) a new combined Final Pretrial Conference and Trial Preparation Conference and (b) a new trial;

3. That the **Second Trial Preparation Conference Order** [#96] entered March 18, 2014, is **AMENDED** and **SUPPLEMENTED** accordingly; and

    4.  That otherwise, the **Second Trial Preparation Conference Order** [#96] entered March 18, 2014, **SHALL REMAIN** in full force and effect.

    Dated September 18, 2014, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge