IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01306-REB-KLM

SALBA CORP., N.A., a Canadian corporation,
SALBA SMART NATURALS PRODUCTS, a Colorado limited liability company,
WILLIAM A. RALSTON, and
RICHARD L. RALSON,

    Plaintiffs,

v.

X FACTOR HOLDINGS, LLC, an inactive Florida limited liability company, and
ANCIENT NATURALS, LLC, a Florida limited liability company,

    Defendants and Counter-Claimants, and

MITCHELL A. PROPSTER, a resident of the State of Florida,
CORE NATURALS, LLC, a Florida limited liability company, and
NATURAL GUIDANCE, LLC, a Florida limited liability company,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Mitchell Propster's **Response to Order to Show Cause and Request for Additional Time for Defendants to Retain Counsel** [#163][1] (the "Response"). On January 20, 2015, the Court issued a **Minute Order** [#157] allowing Attorney Thomas P. Howard ("Howard") and Attorney Scott E. Brenner ("Brenner") to withdraw as counsel for Defendants Mitchell A. Propster ("Propster"), Core Naturals,

---

[1] "[#163]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

-1-

LLC, and Natural Guidance, LLC and for Defendants/Counter-Claimants X Factor Holdings, LLC and Ancient Naturals, LLC. In the Minute Order, Defendants Core Naturals, LLC, and Natural Guidance, LLC and Defendants/Counter-Claimants X Factor Holdings, LLC and Ancient Naturals, LLC, were warned that a corporation, partnership, or other legal entity "may not appear without counsel admitted to the bar of this court . . . ." D.C.COLO.LAttyR 6. Accordingly, they were ordered to obtain new counsel on or before February 20, 2015. They were warned that "absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against [each] entity." D.C.COLO.LAttyR 6. On February 26, 2015, the Court issued an Order to Show Cause [#162], in which it noted that no new counsel had entered an appearance on behalf of these four entities. Defendants were instructed that Federal Rule of Civil Procedure 16(f) provided in part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A) (ii)-(vii) permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Further, Rule 16(f)(2) provides: "Instead of or in addition to any other sanctions, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of

expenses unjust."

Defendants were accordingly ordered as follows:

IT IS HEREBY **ORDERED** that Defendants Core Naturals, LLC, Natural Guidance, LLC, X Factor Holdings, LLC, and Ancient Naturals, LLC shall show cause why this Court should not recommend that default and default judgment be entered against them based on their lack of counsel in this case.

IT IS FURTHER **ORDERED** that Counter-Claimants X Factor Holdings, LLC and Ancient Naturals, LLC shall show cause why this Court should not recommend that their counterclaims against Plaintiffs be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, for failure to comply with Court Orders, and for lack of counsel.

Defendants and Counter-Claimants shall respond, in writing, to the Order to Show Cause on or before **March 10, 2015**. Failure to respond and show good cause for their neglect of this case will result in the Court issuing a recommendation to enter default and default judgment against Defendants and to dismiss Counter-Claimants' claims against Plaintiffs.

*Order to Show Cause* [#162] at 3. On March 10, 2015, Defendant Propster filed the present Response [#163] as well as a Memorandum in Opposition to Defendants' Counsel's Motion to Withdraw [#164] (the "Opposition").

The Court first notes that Defendant Propster, who is not an attorney, may not file pleadings on behalf of the Entity Defendants in this matter. *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). This includes responding to the Order to Show Cause [#162] on their behalf. Even were the Court to entertain Defendant Propster's Response on behalf of the Entity Defendants, the Court notes that it has now been more than two months since Defendants' counsel was permitted to withdraw. There is no specific indication in the Response that the Entity Defendants are close to securing new

counsel. *See, e.g.*, *Response* [#163] at 3 ("[N]one of the attorney's [sic] Defendants contacted would agree to take on such a case without a reasonable amount of time to both familiarize themselves with this case and appropriately prepare for trial, which is severely limited [sic]."); *see also Opposition* [#164] at 3 (stating that "Defendants believe they will not be able to retain local counsel both competent and wiling to represent them in trying this matter . . . ."). Further, there is no request for a specific amount of time by which to extend the deadline to obtain counsel. *See* D.C.COLO.LCivR 6.1(b) ("A motion for extension of time . . . shall state . . . the length of the requested extension of time . . . .").

To the extent that Defendant Propster argues that he should have been permitted more time to file a response to his counsel's request to withdraw, the Court notes that it may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(d). Regardless, even on review of Defendant Propster's late-filed Opposition [#164] to his counsel's withdrawal, the Court finds that he has not provided sufficient reason to persuade the Court to vacate its prior Order [#157] and reinstate Defendants' prior counsel.

In *Big O Tires, LLC v. Black Toad Enters., LLC*, No. 14-cv-00824-RM-MJW, 2014 WL 4638398 (D. Colo. Sept. 17, 2014), an order to show cause was issued regarding a corporate defendant's failure to obtain counsel. Despite this warning, the corporate defendant did not obtain counsel. The assigned magistrate judge thereafter issued a recommendation recommending that default and default judgment enter against the corporate defendant. The recommendation was subsequently adopted by the district judge. Similar circumstances are present in this matter, in that the corporate Defendants/Counter-Claimants have been ordered to obtain counsel and yet have failed to do so. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#162] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that default and default judgment be entered against Defendants Core Naturals, LLC, Natural Guidance, LLC, X Factor Holdings, LLC, and Ancient Naturals, LLC based on failure to comply with Court Orders and their lack of counsel in this case.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (permitting sanction of "rendering a default judgment against the disobedient party").

IT IS FURTHER **RECOMMENDED** that the counterclaims of Counter-Claimants X Factor Holdings, LLC and Ancient Naturals, LLC be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, for failure to comply with Court Orders, and for lack of counsel.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v) (permitting sanction of "dismissing the action or proceeding in whole or in part"); Fed. R. Civ. P. 41(c) (stating that "[t]his rule applies to a dismissal of any counterclaim . . . ."); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S.

140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 25, 2015

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge