**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01306-REB-KLM

SALBA CORP., N.A., a Canadian corporation,
SALBA SMART NATURALS PRODUCTS, a Colorado limited liability company,
WILLIAM A. RALSTON, and
RICHARD L. RALSTON,

    Plaintiffs,

v.

X FACTOR HOLDINGS, LLC, an inactive Florida limited liability company, and
ANCIENT NATURALS, LLC, a Florida limited liability company,
MITCHELL A. PROPSTER, a resident of the State of Florida,
CORE NATURALS, LLC, a Florida limited liability company, and
NATURAL GUIDANCE, LLC, a Florida limited liability company,

    Defendants and Counter-Claimants.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE
AND
FOR ENTRY OF DEFAULT
& DISMISSAL OF COUNTERCLAIMS**

---

**Blackburn, J.**

    This matter is before the court on the following: (1) the **Order To Show Cause** [#182][1] filed May 27, 2015; and (2) the **Defendant's Response To Court's Order To Show Cause** [#188] filed June 3, 2015. I make the **Order to Show Cause** absolute, enter default against defendant Mitchell Propster on the claims of the plaintiffs against Mr. Propster, and dismiss the counterclaims asserted by Mr. Propster against the defendants.

---

[1] "[#182]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In the **Order To Show Cause** [#182], I directed Mr. Propster to show cause why default should not enter against him on the claims of the plaintiffs against him for his failure to defend against those claims, including his failure to comply with the rules and orders of this court in preparing for trial. Additionally, I directed Mr. Propster to show cause why his counterclaims against the plaintiffs should not be dismissed as a sanction for his failure to comply with the rules and orders of this court, including his failure to comply with those rules and orders in preparing for a trial of his counterclaims. Mr. Propster filed a response [#182] to the **Order To Show Cause** which does not establish good cause for his myriad, unexcused failures to comply with the rules and orders of this court and to prepare this case for trial.

## I. JURISDICTION

I have jurisdiction over the parties and subject matter of this litigation. My subject matter jurisdiction arises under 28 U.S.C. § 1331 (federal question), § 1338(a) (trademark and copyright), § 1338(b) (unfair competition claim joined with copyright or trademark claim), § 1367 (supplemental), and 15 U.S.C. § 1121 (trademark).

## II. BACKGROUND

In the **Third Trial Preparation Conference Order** [#142] entered September 29, 2014, this case was set for a jury trial beginning June 15, 2015. Thus, that trial date was set over eight months ago and was set with the agreement and consent of all parties and their counsel. At the partial combined Final Pretrial Conference and Trial Preparation Conference held on May 29, 2015, the commencement of trial was delayed one week and rescheduled for June 22, 2015.

Default has entered against defendants, Core Naturals, LLC, Natural Guidance, LLC, X Factor Holdings, LLC, and Ancient Naturals, LLC, on the corresponding claims of the plaintiffs. *Order* [#166], pp. 2 - 3. Additionally, the counterclaims of those same defendants against the plaintiffs have been dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). *Id.*

Thus, the only defendant against whom default and dismissal for failure to prosecute have not entered is Mitchell Propster. On January 7, 2015, counsel for the defendants filed a motion to withdraw [#149]. Counsel reported in the motion that good cause for withdrawal existed based on the ongoing failure of the defendants to pay attorney fees and costs for the preceding twelve months. Counsel noted in the motion that the defendants, including Mr. Propster, had been notified of the motion. In addition, counsel notified the defendants of their obligation to comply with all court orders and the "time limitations established by any applicable rules." *Motion* [#149], p. 3. On January 20, 2015, over five months ago, counsel for the defendants was permitted to withdraw. *Order* [#157].

Mr. Propster is acting *pro se*.[2] As the trial date began to draw near, counsel for the plaintiffs repeatedly, but futilely, sought the participation of Mr. Propster in trial preparations, including the preparation of witness and exhibit lists, the pretrial exchange of exhibits, and the preparation of proposed jury instructions.

In a recent motion [#177], the plaintiffs noted the following failures of Mr. Propster as the plaintiffs sought to engage him in trial preparations:

---

[2] Because Mr. Propster is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See* ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

    a. Mr. Propster failed to provide, file, or exchange his exhibit list, which was due no later than May 1, 2015 (see **Third Trial Preparation Conference Order** [#142] at p. 2);

    b. Mr. Propster failed to meaningfully respond to plaintiffs' numerous attempts to confer on plaintiffs' proposed exhibit list;

    c. Mr. Propster failed to provide his objections (if any) to plaintiffs' exhibit list, which were due no later than May 15, 2015 (*see id.*);

    d. Mr. Propster failed to provide his proposed jury instructions, which were due no later than May 15, 2015 (REB Civ. Practice Standard V.C.4.a-g);

    e. Mr. Propster failed to meaningfully respond to plaintiffs' numerous attempts to confer on plaintiffs' jury instructions; and

    f. Mr. Propster failed to participate in the process of preparing the proposed Pretrial Order, due May 22, 2015.

*Motion for an Order to Show Cause Why Default Should Not Enter Against Defendant Propster* [#177] filed May 20, 2015, pp. 2 -3. Mr. Propster does not dispute the foregoing failures, which are otherwise supported by the record.

    The record documents and demonstrates beyond peradventure that the plaintiffs have diligently prepared for trial. In recent months, the plaintiffs repeatedly and assiduously sought the cooperation of Mr. Propster in preparing this case for trial. Notwithstanding, Mr. Propster has, at best, responded to the requests of the plaintiffs with inexplicit and unfulfilled promises of future action. Concerning any form of trial preparation, Mr. Propster is missing in action. Mr. Propster replied to precious few of the many e-mails from counsel for the plaintiffs, but tellingly, he never engaged in any of the trial preparations required in the **Third Trial Preparation Conference Order** [#142]. *Motion for an Order to Show Cause Why Default Should Not Enter Against Defendant Propster* [#177] filed May 20, 2015, Exhibit A. The current record shows that in the nearly six months since counsel for Mr. Propster withdrew, he has done nothing to

prepare for trial. This is true despite the fact that Mr. Propster long has long known of the trial date in this case and has long known of the various requirements and deadlines for completion of trial preparations.  Mr. Propster has been given ample time to prepare for trial, but, at his considerable peril, he has chosen not to do so.

At the May 29, 2015, hearing, Mr. Propster said he intends to seek counsel to represent him.  However, he did not specify at the hearing and does not specify in his papers any efforts he has made to obtain counsel and does not identify any future plans to obtain counsel. At the May 29, 2015, hearing, he reported also that he does not have the financial resources to fly to Denver for the trial of this case.  That lack of funds leaves very little hope that Mr. Propster will be able to find counsel to represent him, *a fortiori*, when his whilom counsel withdrew for lack of payment of attorney fees.  Mr. Propster did not specify at the hearing and does not specify in his papers any specific, realistic plans to obtain the funding essential to his retention of counsel or to his appearance at trial. Thus, his request for a continuance of 90 days appears arbitrary and feckless.

In his response [#188] to the **Order To Show Cause** [#182], Mr. Propster asserts that he needs time to get up to speed and reiterates his request, also asserted in a motion to continue [#181], for a continuance of the trial.  Mr. Propster says he will "enthusiastically" prepare for trial if he is granted a 90 day continuance.  *Response* [#188], p. 4.  In addition, he says he intends to continue to seek counsel.  *Id.*  He notes also that the court "has made clear the implications for failures on Defendants part to comply with the Court's Orders."  *Id.*  Neither in his motion to continue [#181] nor in his response [#188] to the **Order To Show Cause** does Mr. Propster explain credibly and cogently  why he has failed to engage in any substantive trial preparation since his

5

counsel withdrew five and one-half months ago.  He provides no details about his purported plan to prepare for trial in the next 90 days.  He does not explain how an additional 90 days – as opposed to some shorter or longer period of time – will be adequate for his trial preparation when the past five and one-half months have, for reasons unstated, been inadequate.

An earlier trial date set in this case was continued *per force* due to the pendency of a motion for spoliation sanctions against the defendants.  Ultimately, that motion was granted in part, and sanctions were imposed against Mr. Propster for spoliation of evidence.  *Order* [#169].  This case now is more than three years old.

### III.  ANALYSIS

In determining whether dismissal as a sanction for a party's failure to prosecute is appropriate, I must evaluate several factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

**Gripe v. City of Enid, Okl**.,  312 F.3d 1184, 1188 (10th Cir. 2002), citing **Ehrenhaus v. Reynolds**, 965 F.2d 916, 918 (10th Cir. 1992).  These criteria are known as the *Ehrenhaus* factors.  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." **Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992).  Dismissal is an appropriate sanction if, after considering all of the factors, the court "concludes that dismissal alone would satisfy the interests of justice." *Id*.  The same factors inform the imposition of default against a defendant as a sanction for failure to defend or prosecute

and failure to comply with the rules and orders of the court.  ***See, e.g., Lee v. Max Intern., LLC***, 638 F.3d 1318, 1323 - 1324 (10th Cir. 2011).  Applying these factors, I conclude that the entry of default against Mr. Propster and the dismissal of his counterclaims are appropriate sanctions in this case.  I conclude ultimately that the sanctions of default and dismissal alone are warranted and necessary to satisfy the reticulated interests of justice.

1. Degree of actual prejudice to the plaintiffs - The Federal Rules of Civil Procedure, the local civil rules of the district court, and the orders of this court in this case clearly require the parties to a case to disclose to their opponents their exhibits, their witness list, and other trial critical information well in advance of trial.  These requirements prevent unfair surprise with its concomitant prejudice and promote the efficient use of trial time and the ability of the court to conduct a trail that is fair to all parties.

In the present case, the plaintiffs have diligently prepared this case for trial. Contrastingly, Mr. Propster has done essentially nothing to prepare this case for trial and has done nothing of substance to work with the plaintiffs to prepare this case for trial. The examples of his admitted intransigence are legion.  Mr. Propster has insouciantly disregarded the myriad trial preparation deadlines in the **Third Trial Preparation Conference Order** [#142] filed September 29, 2014.

At present, the plaintiffs have no choice but to anticipate presenting their case at trial, and defending against the counterclaims of Mr. Propster, without any knowledge of what witnesses and exhibits Mr. Propster will present in his defense and in support of his counterclaims.  The lack of pretrial disclosure and trial preparation by Mr. Propster has left a gaping and intractable uncertainty for the plaintiffs as trial inexorably approaches.

7

Without question, that uncertainty has made trial preparation significantly more onerous for the plaintiffs.

Not surprisingly, the plaintiffs have incurred significant costs and attorney fees in diligently preparing this case for trial.  Now, Mr. Propster seeks to blunt the effectiveness of these preparations by seeking a continuance of the trial close to the scheduled trial date, a continuance necessitated solely by his disaffected lack of preparation.  A postponement of the trial at this late date would cause the plaintiffs to lose much of the meaningful benefit of their trial preparation efforts and would, if granted, require the plaintiffs to repeat much of their trial preparation at a later date.  Of course, another round of trial preparation would impose on the plaintiffs additional attorney fees and other costs on top of the no doubt prodigious attorney fees and costs already incurred by them.

In the alternative, the court could require the plaintiffs and the unprepared Mr. Propster to proceed to trial as scheduled.  Undoubtedly, such a trial would be disorganized and grossly inefficient, due again to the froward lack of preparation of Mr. Propster.  Such a trial would unreasonably heap more burdens on the plaintiffs with little benefit to the parties, the court, or justice.

Finally, the continuance proposed by Mr. Propster would cause significant inconvenience to the witnesses for the plaintiffs.  For example, one of their witnesses, South American resident Mr. Alfredo Mealla, has made international travel arrangements to attend the trial.  The continuance proposed by Mr. Propster would disrupt these plans and likely the plans made by other witnesses for the plaintiffs.  Such disruptions increase the already substantial prejudicial to the plaintiffs and their witnesses.

The plaintiffs have waited patiently for over three years to present their claims at

trial and to defend against the counterclaims of Mr. Propster. At least since last January, when counsel for Mr. Propster withdrew, Mr. Propster has done nothing to move this case toward resolution. This delay, and the prospect of further delays caused by Mr. Propster, are prejudicial to the plaintiffs.

2. <u>Amount of interference with the judicial process</u> - The failure of Mr. Propster to prepare for trial has interfered unreasonably and unnecessarily with the judicial process and the orderly administration of justice. Progress toward the resolution of this case has been slowed nearly to a halt by the inexcusable lack of preparation and participation of Mr. Propster. Conducting a trial with a defendant who is totally unprepared for trial will surely waste the valuable time and other resources of the jurors, the plaintiffs, and this court.

The total lack of preparation by Mr. Propster will impair – perhaps irreparably – his presentation of his defense and counterclaims, largely to his detriment. One key foundational component of our judicial system is the principle that a fair resolution of disputes can be reached through the orderly presentation of facts and argument by courtroom adversaries. The failure of Mr. Propster to participate as a prepared adversary vitiates that crucial foundational component.

There are many parties hungry for trial time in this court. Mr. Propster continues to hold nine days of trial time hostage on the calendar of this court while doing nothing to use that time effectively. His inaction has inexcusably "hindered the court's management of its docket . . . .." **Mobley v. McCormick**, 160 F.R.D. 599, 601 (D. Colo. 1995) (quoting **Jones v. Thompson**, 996 F.2d 261, 265 (10th Cir. 1993)).

The recusant conduct of Mr. Propster in failing abjectly to comply with the rules and orders of this court are disruptive to the judicial process generally and offensive to

the dignity and authority of this court specifically. As such, the conduct of Mr. Propster is inexcusably contumacious.

      3. The cupability of the defendant - Without explanation or excuse, Mr. Propster has ignored this case for at least the last six months, including his obligation to prepare for trial.  The plaintiffs and the court are prepared to try this case.  Mr. Propster has been given ample time to prepare, but has squandered his opportunity to the detriment of all involved in the trial process  Mr. Propster has intentionally disregarded his obligation to comply with the Federal Rules of Civil Procedure and the orders of this court.  Mr. Propster is the only party who is culpable for the fact that this case is not ready for trial as scheduled.

      4. Warning that dismissal and default are sanctions for non-compliance - In an order [#157] filed January 20, 2015, Mr. Propster was warned explicitly that his failure to comply with the rules and orders of this court may result in the imposition of sanctions "up to and including either dismissal of your case (if you are the plaintiff) or entry of judgment against you (if you are the defendant)." **Minute Order** [#157] filed January 20, 2015, Attachment 1 [#157-1], ¶ 14.  In the court's **Order To Show Cause** [#182], Mr. Propster again was warned of these possible sanctions.  In his response [#188] to the **Order To Show Cause** [#182], Mr. Propster concedes that the court has made clear the consequences of the failure of a defendant to comply with the orders of the court. *Response* [#188], pp. 4 - 5.

      5. Efficacy of lesser sanctions - Mr. Propster seeks a continuance of the trial, asserting without circumstantiation that more time will somehow enable him to prepare for trial. However, his unexplained and unexcused total lack of trial preparation to date demonstrates that additional time to prepare for trial likely would be futile to the further

and increased detriment of the plaintiffs and this court. In his motion to continue [#181] and at the May 29, 2015, hearing, Mr. Propster did not explain adequately why he has not made efforts to prepare for trial in the five and one-half months since his attorney withdrew. He also did not explain how a continuance of the trial for 90 days – or any period of time – would enable him to prepare for trial. Nothing in the record indicates that a lesser sanction, such as the imposition of monetary sanctions or the limitation of claims or defenses of Mr. Propster, somehow would motivate Mr. Propster to prepare for trial when he has demonstrated an unexplained and near total lack of diligence in the past five and one-half months. Thus, I conclude that it is highly unlikely that any sanction short of default and dismissal would be efficacious.

## IV. CONCLUSION & ORDERS

Dismissal and default are appropriate sanctions when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. . . ." *Ehrenhaus*, 965 F.2d at 916 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)). In this case, all five of the relevant factors weigh heavily in favor of default and dismissal as sanctions for the failure of Mr. Propster to prepare his case for trial and his contumelious failure to comply with the rules and orders of this court. On the present record, these aggravating factors substantially outweigh the judicial system's strong predisposition to resolve cases on their merits. Thus, after carefully applying the standards applicable under FED. R. CIV. P. 41, *Gripe v. City of Enid, Okl*., 312 F.3d 1184, 1188 (10th Cir. 2002), and *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992), I conclude that the entry of default on the claims of the plaintiffs asserted against Mr. Propster and dismissal of the counterclaims of Mr. Propster with prejudice are the appropriate sanctions for the failure of Mr. Propster to participate in trial preparations

contrary to the orders of this court. I conclude ultimately that the combined sanctions of default and dismissal alone are warranted and necessary to satisfy the reticulated interests of justice. Accordingly, the **Order To Show Cause** [#182] should be made absolute.

    **THEREFORE, IT IS ORDERED** as follows:

    1. That the **Order To Show Cause** [#182] filed May 27, 2015, is made absolute;

    2. That under FED. R. CIV. P. 55, as a sanction against Mr. Propster, default shall enter against defendant, Mitchell A. Propster, on each of the claims of the plaintiffs;

    3. That under FED. R. CIV. P. 41(b), as a sanction against Mr. Propster for his failure to prosecute, each of the counterclaims of Mitchell A. Propster asserted against the plaintiffs is dismissed with prejudice;

    4. That when judgment enters in this case, judgment shall enter in favor of the plaintiffs, Salba Corp., N.A., a Canadian Corporation, Salba Smart Naturals Products, a Colorado Limited Liabilty Company, William A. Ralston, and Richard L. Ralston, against the defendant, Mitchell A. Propster, on each of the counterclaims asserted by Mitchell A. Propster against the plaintiffs;

    5. That on or before June 30, 2015, the plaintiffs may file a motion seeking the entry of default judgment against defendant, Mitchell A. Propster, on the claims of the plaintiffs against him; and

    6. That the trial by jury set to commence June 22, 2015, is vacated.

    Dated June 11, 2015, at Denver, Colorado.

                                                                       **BY THE COURT:**

                                                                        */s/ Robert E. Blackburn*
                                                                        Robert E. Blackburn
                                                                        United States District Judge