**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01306-REB-KLM

SALBA CORP., N.A., a Canadian corporation,
SALBA SMART NATURALS PRODUCTS, a Colorado limited liability company,
WILLIAM A. RALSTON, and
RICHARD L. RALSTON,

     Plaintiffs,

v.

X FACTOR HOLDINGS, LLC, an inactive Florida limited liability company, and
ANCIENT NATURALS, LLC, a Florida limited liability company,
MITCHELL A. PROPSTER, a resident of the State of Florida,
CORE NATURALS, LLC, a Florida limited liability company, and
NATURAL GUIDANCE, LLC, a Florida limited liability company,

     Defendants and Counter-Claimants.

## ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT

**Blackburn, J.**

     This matter is before the court on the following: (1) **Motion for Entry and Quantification of Default Judgment and Permanent Injunction Against Defendants X Factor Holdings, LLC; Ancient Naturals, LLC; Core Naturals, LLC; and Natural Guidance, LLC** [#173][1] filed May 13, 2015; and (2) **Motion for Entry and Quantification of Default Judgment and Permanent Injunction Against Defendant Mitch Propster** [#193] filed June 25, 2015.  No response was filed addressing either motion.  I grant both motions.

---

[1] "[#173]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Trademark Act), 28 U.S.C. § 1338 (patent, trademark, and associated unfair competition claims), and 28 U.S.C. § 1367 (supplemental).

## II. STANDARD OF REVIEW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk of the court must enter the party's default. FED. R. CIV. P. 55(a). After default has entered, the party seeking relief against the defaulting party may apply to the court for a default judgment, and, if the party seeking relief provides a proper basis for the entry of default judgment, the court may enter default judgment against the defaulting party. FED. R. CIV. P. 55(b).

## III. BACKGROUND

This case concerns disputes about the use by the defendants of trademarks and other materials related to the Salba trademarks used by the plaintiffs. In the past, both the plaintiffs and the defendants have used the Salba name and associated artwork in the sale of chia seeds and related products.

Fairly early in the history of this case, the parties reached a settlement, and, in early March 2013, executed a settlement agreement. After the settlement agreement was in place, the plaintiffs alleged that all of the defendants named in the amended complaint [#62] had violated the settlement agreement. The amended complaint was filed to add claims concerning violation of the settlement agreement by the defendants. In the amended complaint [#62], the plaintiffs assert claims for trademark counterfeiting and infringement, unfair competition, false advertising, deceptive trade practices, cyber-squatting, breach of contract, breach of the duty of good faith and fair dealing, copyright

infringement, abuse of process, and fraud.  In their present motion, the plaintiffs do not seek relief on their ninth, tenth, or twelfth claims for relief.

On April 24, 2015, I entered an order [#166] entering default against the entity defendants, Core Naturals, LLC, Natural Guidance, LLC, X Factor Holdings, LLC, and Ancient Naturals, LLC, on each of the claims asserted against these defendants by the plaintiffs in the amended complaint [#62].  In addition, I ordered that the counterclaims of the entity defendants be dismissed for failure to prosecute, for failure to comply with court orders, and for lack of counsel.

On June 11, 2015, I entered an order [#190] entering default against defendant Mitchell A. Propster on each of the claims asserted against him by the plaintiffs in the amended complaint [#62].  Prior to the entry of this order, Mr. Propster was the only defendant against which default had not been entered.  In addition, I ordered that the counterclaims of Mr. Propster be dismissed for failure to prosecute and as a sanction for his failure to comply with court orders.

In the amended complaint [#62], the plaintiffs assert identical claims and seek identical relief against all defendants. In their present motions, the plaintiffs seek entry of a default judgment against all defendants with identical terms applying to each defendant.

## IV.  ANALYSIS

As a result of their defaults, the defendants have admitted the factual allegations in the amended complaint [#62] other than those relating to the amount of damages. FED. R. CIV. P. 8(b)(6).   I find and conclude that the allegations of fact in the complaint are sufficient to establish the elements of each of the claims for relief asserted in the complaint on which the plaintiffs seek the entry of default judgment.  Having reviewed

the record in this case and the applicable law, I find and conclude that the plaintiffs are entitled to relief in the form of statutory damages and an injunction on the terms stated in this order and, ultimately, to the entry of a default judgment against the defendants.

On the first claim for relief, the plaintiffs seek an award of statutory damages of 2,800,000 dollars under 15 U.S.C. § 1117(c), citing 14 distinct counterfeit marks and seeking an award of 200,0000 dollars per product. Under § 1117(c), the court may award statutory damages of up to 200,000 dollars per counterfeit mark without a finding that the use of the counterfeit mark was willful. The court may award statutory damages of up to 2,000,000 dollars per counterfeit mark based on a finding that use of the counterfeit mark was willful. The plaintiffs allege in the amended complaint [#62] willful use of a counterfeit mark. The facts admitted by the defaulting defendants support an award of statutory damages on this claim. An award of statutory damages in the amount of 2,800,000 dollars on the first claim for relief is proper.

On the fourth claim for relief, cybersquatting, the plaintiffs seek an award of statutory damages of 4,800,000 dollars under 15 U.S.C. § 1117(d), citing 48 distinct domain names and seeking an award of 100,000 dollars per domain name. Under § 1117(d), the court may award statutory damages of not less than $1,000 and not more than $100,000 per domain name, as the court considers just. The facts admitted by the defaulting defendants support an award of statutory damages on this claim. An award of statutory damages in the amount of 4,800,000 dollars on the fourth claim for relief is proper.

On the eighth claim for relief, willful copyright infringement, the plaintiffs seek an award of statutory damages in the amount of 150,000 dollars based on one copyright. Under 17 U.S.C. § 504(c)(2), the court may award statutory damages of up to 150,000

dollars for willful copyright infringement. The facts admitted by the defaulting defendants support an award of statutory damages on this claim. The record in this case is sufficient to support a finding of willful copyright infringement and an award of statutory damages in the amount of 150,000 dollars on the eighth claim for relief is proper.

On the sixth (breach of contract), seventh (breach of duty of good faith and fair dealing), and eleventh (fraud) claims for relief, considered together, the plaintiffs seek an award of actual damages in the amount of 135,000 dollars. In addition, on the eleventh claim for relief (fraud) the plaintiffs seek an award of treble damages of 405,000 dollars, three times the amount of actual damages claimed on the fraud claim. However, the plaintiffs have submitted no evidence to substantiate the amount of actual damages they seek on these claims. Absent some evidence to support the claim of actual damages in the amount of 135,000 dollars on each of these claims, I conclude that such an award may not be included in a default judgment. The defaults of the defendants do not constitute an admission to an amount of actual damages claimed on these claims. Fed. R. Civ. P. 8(b)(6).

Finally, the plaintiffs seek the entry of a permanent injunction based on their claims for trademark infringement, unfair competition, false advertising, and deceptive trade practices. In essence, the injunction sought by the plaintiffs prohibits the defendants from using the trademarks, copyrights, and internet domain names at issue in this case. Based on these claims, the entry of a permanent injunction as part of the entry of default judgment is proper. As proposed by the plaintiffs, the terms of the permanent injunction will be stated in an order separate from this order.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Entry and Quantification of Default Judgment and Permanent Injunction Against Defendants X Factor Holdings, LLC; Ancient Naturals, LLC; Core Naturals, LLC; and Natural Guidance, LLC** [#173] filed May 13, 2015, is granted on the terms stated in this order;

2. That the **Motion for Entry and Quantification of Default Judgment and Permanent Injunction Against Defendant Mitch Propster** [#193] filed June 25, 2015, is granted on the terms stated in this order;

3. That under Fed. R. Civ. P. 55(b), default judgment shall enter in favor of the plaintiffs, Salba Corp., N.A., a Canadian corporation, Salba Smart Naturals Products, a Colorado limited liability company, William A. Ralston, and Richard L. Ralston, and against the defendants, X Factor Holdings, LLC, an inactive Florida limited liability company, Ancient Naturals, LLC, a Florida limited liability company, Mitchell A. Propster, a resident of the State of Florida, Core Naturals, LLC, a Florida limited liability company, and Natural Guidance, LLC, a Florida limited liability company, on the first, second, third, fourth, fifth, sixth, seventh, eighth, and eleventh claims for relief alleged in the amended complaint [#62];

4. That X Factor Holdings, LLC, an inactive Florida limited liability company, Ancient Naturals, LLC, a Florida limited liability company, Mitchell A. Propster, a resident of the State of Florida, Core Naturals, LLC, a Florida limited liability company, and Natural Guidance, LLC, a Florida limited liability company, each are subject to the **Order of Permanent Injunction** entered concurrently with this order;

5. That the ninth, tenth, and twelfth claims for relief alleged in the amended

complaint [#62] are dismissed without prejudice;

6. That under 15 U.S.C. § 1117(c), the plaintiffs are awarded statutory damages in the principal amount of 2,800,000 dollars, payable jointly and severally by the defendants;

7. That under 15 U.S.C. § 1117(d), the plaintiffs are awarded statutory damages in the principal amount of 4,800,000 dollars, payable jointly and severally by the defendants;

8. That under 17 U.S.C. § 504(c)(2), the plaintiffs are awarded statutory damages in the principal amount of 150,000 dollars, payable jointly and severally by the defendants;

9. That the total principal amount of this judgment is 7,750,000 dollars;

10. That the plaintiffs are awarded their costs, to be taxed by the clerk of the court in the time and manner required by Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1;

11. That post-judgment interest shall accrue from the date of entry of judgment at the rate permitted by law, as calculated under 28 U.S.C. § 1961; and

12. That this case is closed.[2]

Dated September 28, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] The formal closure of the case does not preclude or prohibit the plaintiffs from seeking an award of reasonable attorney fees in the time and manner provided by Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3.