**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01306-REB-KLM

SALBA CORP., N.A., a Canadian corporation,
SALBA SMART NATURALS PRODUCTS, a Colorado limited liability company,
WILLIAM A. RALSTON, and
RICHARD L. RALSTON,

    Plaintiffs,

v.

X FACTOR HOLDINGS, LLC, an inactive Florida limited liability company, and
ANCIENT NATURALS, LLC, a Florida limited liability company,
MITCHELL A. PROPSTER, a resident of the State of Florida,
CORE NATURALS, LLC, a Florida limited liability company, and
NATURAL GUIDANCE, LLC, a Florida limited liability company,

    Defendants and Counter-Claimants.

## ORDER FOR PERMANENT INJUNCTION

**Blackburn, J.**

This matter is before the court on the following: (1) **Motion for Entry and Quantification of Default Judgment and Permanent Injunction Against Defendants X Factor Holdings, LLC; Ancient Naturals, LLC; Core Naturals, LLC; and Natural Guidance, LLC** [#173][1] filed May 13, 2015; and (2) **Motion for Entry and Quantification of Default Judgment and Permanent Injunction Against Defendant Mitch Propster** [#193] filed June 25, 2015.  No response was filed addressing either motion.

---

[1] "[#173]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Trademark Act), 28 U.S.C. § 1338 (patent, trademark, and associated unfair competition claims), and 28 U.S.C. § 1367 (supplemental).

## II. BASIS FOR PERMANENT INJUNCTION

Concurrently with this order, I have entered an order granting the motions for default judgment against each of the defendants. In both motions, the plaintiffs seek the entry of a permanent injunction against all of the defendants. The permanent injunction is sought based on the claims listed below as asserted in the **Amended Complaint With Jury Demand** [#62] filed January 14, 2014:

> a. Trademark infringement under 15 U.S.C. §§ 1114(1) and 1116 (First Portion Of First Claim For Relief). Id. at ¶¶ 59-66;
>
> b. Federal unfair competition and false advertising under 15 U.S.C. §§ 1125(a)(1)(a) (Second Claim For Relief). Id. at ¶¶ 67-81;
>
> c. Deceptive trade practices under the Colorado Consumer Protection Act, C.R.S. § 6-1-101 et seq. (Third Claim For Relief). Id. at ¶¶ 82-93; and
>
> d. Common law trademark infringement and unfair competition (Fifth Claim For Relief). Id. at ¶¶ 103-110.

In my concurrent order granting both motions for default judgment, I order the entry of default judgment in favor of the plaintiffs and against the defendants on each of these claims. Based on these claims on which default judgment has been granted, the entry of a permanent injunction prohibiting the defendants from committing future violations as established in these claims is proper.

**THEREFORE, IT IS ORDERED** as follows:

### 1. PERMANENT INJUNCTION

A. That as used in this order, the term "defendants" shall mean X Factor Holdings, LLC, an inactive Florida limited liability company, Ancient Naturals, LLC, a Florida limited liability company, Mitchell A. Propster, a resident of the State of Florida, Core Naturals, LLC, a Florida limited liability company, and Natural Guidance, LLC, a Florida limited liability company;

B. That the defendants and each of their members, officers, directors, agents, servants, employees, subsidiaries, affiliates, predecessors, successors, heirs, assigns and/or other related companies, and persons in active concert or participation with any one of them who receive actual notice of this Permanent Injunction by personal service or otherwise, are enjoined permanently from and shall forever cease and desist from

> **i.** any and all further use of any of: (1) the SALBA trademark rights, trademark registrations and all trade dress and goodwill appurtenant thereto (the "Salba Marks", defined below); (2) the copyrights and copyright registrations owned by Salba Smart Natural Products for product packaging and other printed and visual materials and all goodwill appurtenant thereto (the "Salba Works," defined below); and (3) the "Salvia Marks", "Salvia Works", "Chia Joy Marks" or "Chia Joy Works" (each of which are defined below), specifically including without limitation the Defendants' past and current Salba, Salvia and Chia Joy product labels, designs, trade dress and marketing materials, in whole or in part, or any colorable imitation or derivative thereof, or any marks, drawings, labels, designs, works or wording confusingly similar thereto, including

but not limited to uses in combination with other terms, marks, works, labels, designs, symbols or trade dress;

**ii.** the above prohibited uses include, but are not limited to, the use of any such mark, work, drawing, label, design, wording, imitation or derivative in any printed, electronic, broadcast, or other format, on or in connection with any manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting or offering for sale or distribution of any product or services, including, without limitation, *Salvia hispanica L.* seed, chia seed and/or related food products;

**iii.** the above prohibited uses also include, but are not limited to, the use of any such mark, work, drawing, label, design, wording, imitation or derivative, over or in connection with the Internet, any Internet search engine website, the purchase or use of keyword or search terms from any such Internet search engine or website, or the purchase or use of any form of advertising or listing from any Internet search engine or website;

**iv.** the above prohibited uses also include, but are not limited to any use of the word "Salba"; any use of the word "Salvia," and any use of the term "Chia Joy";

**v.** performing any action or using any trademark, symbol, imagery, slogan, or any false designation of origin or false advertising which is likely to cause confusion or mistake or lead the trade and/or public into believing that SALBA and the common species of chia, *Salvia hispanica L.*, are one and the same, or that Plaintiffs are the sponsor of the Defendants or their products, or that Plaintiffs are in some matter affiliated with the

Defendants or that the Defendants' products originate with Plaintiffs, contain authentic SALBA seed, or are connected or offered with the approval, consent, or authorization or under the supervision of Plaintiffs, specifically including, but not limited to, the Defendants' past and current "SALBA," "SALVIA," and "CHIA JOY" packaging;

**vi.** engaging in any conduct constituting unfair competition with Plaintiffs as a result of the use of any of the Salba Marks, Salba Works, Salvia Marks, Salvia Works, Chia Joy Marks or Chia Joy Works or any similar, formative or derivative words or marks in commerce, or violation of the Colorado Consumer Protection Act;

**vii.** filing applications for trademark or copyright registrations with the U.S. Patent and Trademark Office, U.S. Copyright Office, or governmental entities in any foreign country, or filing for domain name registrations in the U.S. or overseas, that incorporate the Salba Marks, Salba Works, Salvia Marks, Salvia Works, Chia Joy Marks, Chia Joy Works or derivatives thereof; and/or

**viii.** assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs A(i) through A(vii) above;

C.  That the defendants and each of their members, officers, directors, agents, servants, employees, subsidiaries, affiliates, predecessors, successors, heirs, assigns and/or other related companies, and persons in active concert or participation with any one of them who receive actual notice of this Permanent Injunction by personal service or otherwise, shall

**i.** Within ten (10) days of the entry of this Permanent Injunction, destroy the following: (a) all products, point-of-sale materials, labels, signs, boxes, bottles, containers, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in their possession, custody or control bearing images, illustrations, or representations of any of the Salba Marks, Salba Works, Salvia Marks, Salvia Works, Chia Joy Marks, Chia Joy Works; and (b) all plates, films, molds, programs, data, matrixes, and other means of making the same; and

**ii.** Within ten (10) days of the entry of this Permanent Injunction, deliver a copy of this Permanent Injunction by United States Certified Mail, return receipt requested, to each of the persons to whom the Defendants sold products bearing the Salba Marks, Salvia Marks, or Chia Joy Marks; provided, further, the Defendants shall direct such persons to remove forthwith from their websites and marketing materials all images of and references to the Salba Marks, Salvia Marks, and Chia Joy Marks; and further, the Defendants shall provide Plaintiffs' counsel with a copy of all such correspondence, all return receipts relating to their mailing, and all responsive and related communications with the recipients.

### 2. DEFINITIONS

That as used in this order, the following terms shall be defined as stated below:

A.  <u>Definition of "Salba Marks"</u> The Salba Marks include the following trademark rights, trademark registrations and all goodwill and trade dress appurtenant thereto:

| Trademark | Serial/Registration Number | Country |
|---|---|---|
| "SALBA" | 3,071,655 | U.S. |
| "SALBA" | 1,118,508 | Australia |
| "SALBA" | 737,717 | Canada |
| "SALBA" | 6973-10 | Ecuador |
| "SALBA" | 003850831 | European OHIM |
| "SALBA" | 5,039,857 | Japan |
| "SALBA" | 884,843 | Korea |
| "SALBA" | 1,135,800 | Korea |
| "SALBA" | 40-884843 | Korea |
| "SALBA" | 830,655,018 | Puerto Rico |
| "SALBA" | 169147 | Peru |
| "SALBA" | 749,560 | New Zealand |
| "SALBA" | 784,617 | New Zealand |
| "SALBA CHIA" | 86110438 | U.S. |
| "SALBA CHIA" | 102,063,486 | Taiwan |
| "SALBA SMART" | 3,575,940 | U.S. |
| "SALBA SMART" | 3,764,274 | U.S. |
| "SALBA SMART" | 1,271,014 | Australia |
| "SALBA SMART" | 1,111,865 | Australia |
| "SALBA SMART" | 1,147,324 | Canada |
| "SALBA SMART" | 980,207 | European Community |
| "SALBA SMART" | 1,081,534 | Mexico |
| "SALBA SMART" | 1,081,535 | Mexico |
| "SALBA SMART" | 976,134 | Mexico |
| "SALBA SMART" | 797,755 | New Zealand |
| "SALBA SMART" | 747,406 | New Zealand |
| "SALBA SMART" | 1,546,555 | Taiwan |
| "SALBA OLÉ" | 77142369 | U.S. |
| "SALBA OLÉ" | 1,318,478 | Canada |
| "SALBA VIDA" | 1,253,192 | Mexico |

The "Salba Marks" include each of the Trademarks listed above, together with any and all trade dress and derivatives associated therewith, including all rights under common law relating to each Trademark, together with all of the goodwill of the business associated therewith and symbolized thereby, and any trademark registrations and trademark applications Plaintiffs or any of the Defendants have filed in the United States Patent and Trademark Office or in any other Office or Registrar worldwide with respect to the Trademarks, along with any priorities, rights or registrations resulting

therefrom, together with any and all rights and causes of action to recover past, present, or future damages, royalties, fees, profits, or other relief, including equitable or injunctive relief, arising from infringement of the Trademarks by a third party and to which Plaintiffs or any of the Defendants are or would have been entitled, and the corresponding registrations and applications for each Trademark;

  B. <u>Definition of "Salba Works"</u> Plaintiffs' own various copyrights for all past and current SALBA seed product packaging, marketing and other visual materials, which have been used and marketed in the U.S. and worldwide in connection with Plaintiffs' SALBA brand seed and food products. The product packaging was created and fixed in a tangible medium of expression by Salba Corp. no later than February of 2008, and on February 8, 2008, Salba Corp. obtained a U.S. Copyright Registration, No. VAu001018274, entitled "Salba Packaging and Design Collection" for its product packaging design. Plaintiff Salba Corp. has been and is the sole owner of the entire right, title, and interest in and to U.S. Copyright Registration, No. VAu001018274. In addition to these federal rights, Plaintiffs are also the owners of original works of authorship fixed in a tangible medium of expression that are entitled to copyright protection and they have used such works in connection with their SALBA brand seed and food products. Plaintiffs are, and at all relevant time have been, licensees of exclusive rights under copyright with respect to copyrighted materials containing the word SALBA or any derivative or form thereof. All of the above are herein referred to individually and collectively as the "Salba Works"; further, the "Salba Works" include all right, title and interest in and to materials containing the word SALBA or any derivative or form thereof, including, without limitation, all copyrights associated with documents, illustrations, labels, packaging, designs, photographs, advertisements, representations

or other forms of use of the word SALBA including website content hosted by Plaintiffs or the Defendants at any time (including but not limited to all SALBA-derived content ever appearing on the Defendants' www.SALBA.com, www.SALBArx.com, www.SALBArx.com, www.SALBAmiracle.com, and www.SALBAstore.com domains), and all other SALBA-related material to which any of the Plaintiffs or the Defendants have claimed, now claim or may claim any copyright under United States federal law, state law, common law, or the law of any foreign country.

  C. <u>Definition of "Salvia Marks"</u>  In approximately 2013, the Defendants began marketing and selling their competing "SALVIA" brand non-SALBA chia seed products using Plaintiffs' trade dress, leaf image, color scheme, font, starburst feature and other unique label, packaging and marketing designs. Examples of the Defendants' "SALVIA" brand packaging, labels and marketing material images are attached hereto as Exhibit 1. The "Salvia Marks" include each of the Defendants' "SALVIA" brand packages, labels and related marketing material images, including all rights under common law relating to each, together with any and all trade dress and derivatives and all of the goodwill of the business associated therewith and symbolized thereby, and any trademark registrations and trademark applications that the Defendants have filed in the United States Patent and Trademark Office or in any other Office or Registrar worldwide with respect to their "SALVIA" brand packaging, labels, trade dress and marketing material images, along with any priorities, rights or registrations resulting therefrom, together with any and all rights and causes of action to recover past, present, or future damages, royalties, fees, profits, or other relief, including equitable or injunctive relief, arising from infringement of the trademarks by a third party and to which the Defendants are or would have been entitled, and the corresponding

registrations and applications for each Trademark.

      D.   Definition of "Salvia Works"   The Defendants' own various copyrights for all past and current product packaging, marketing and other visual materials, which have been used and marketed in the U.S. and worldwide in connection with the Defendants' SALVIA brand non-SALBA chia seed and food products. The Defendants also own original works of authorship fixed in a tangible medium of expression they have used such works in connection with Defendants' SALVIA brand chia seed and food products. All of the above are herein referred to individually and collectively as the "Salvia Works"; further, the "Salvia Works" include all right, title and interest in and to any and all copyrightable materials promoting or used in connection with Defendants' SALVIA brand chia seed and food products or any derivative or form thereof, including, without limitation, all copyrights associated with documents, illustrations, labels, packaging, designs, photographs, advertisements, representations or other forms of use for such products including website content hosted by the Defendants at any time, and all other SALVIA brand chia seed and food product-related material to which any of the Defendants have claimed, now claim or may claim any copyright under United States federal law, state law, common law, or the law of any foreign country.

      E.   Definition of "Chia Joy Marks"   In approximately 2012, the Defendants began marketing and selling their competing "CHIA JOY" non-SALBA chia seed and food products using Plaintiffs' trade dress, leaf image, color scheme, font, starburst feature and other unique label, packaging and marketing designs. Examples of the Defendants' "CHIA JOY" packaging, labels and marketing material images are attached hereto as Exhibit 2. In addition, Defendant Natural Guidance owns the Trademark with Registration Number 4,295,314 and a Registration Date of February 26, 2013, from the

United States Patent and Trademark Office. The "Chia Joy Marks" include the Chia Joy Trademark Registration Number 4,295,314, and each of Defendants' "CHIA JOY" packages, labels and related marketing material images, including all rights under common law relating to each, together with any and all trade dress and derivatives and all of the goodwill of the business associated therewith and symbolized thereby, and any trademark registrations and trademark applications the Defendants have filed in the United States Patent and Trademark Office or in any other Office or Registrar worldwide with respect to the "CHIA JOY" packaging, labels, trade dress and marketing material images, along with any priorities, rights or registrations resulting therefrom, together with any and all rights and causes of action to recover past, present, or future damages, royalties, fees, profits, or other relief, including equitable or injunctive relief, arising from infringement of the trademarks by a third party and to which the Defendants are or would have been entitled, and the corresponding registrations and applications for each Trademark.

      F.   <u>Definition of "Chia Joy Works"</u>   The Defendants own various copyrights for all past and current CHIA JOY seed product packaging, marketing and other visual materials, which have been used and marketed in the U.S. and worldwide in connection with the Defendants' CHIA JOY brand non-SALBA chia seed and food products. The Defendants also own original works of authorship fixed in a tangible medium of expression that are entitled to copyright protection and they have used such works in connection with their CHIA JOY brand seed and food products. All of the above are herein referred to individually and collectively as the "Chia Joy Works"; further, the "Chia Joy Works" include all right, title and interest in and to materials containing the words CHIA JOY or any derivative or form thereof, including, without limitation, all copyrights

associated with documents, illustrations, labels, packaging, designs, photographs, advertisements, representations or other forms of use of the words CHIA JOY including website content hosted by the Defendants at any time, and all other CHIA JOY-related material to which any of the Defendants have claimed, now claim or may claim any copyright under United States federal law, state law, common law, or the law of any foreign country.

Dated September 28, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge